Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
**CLAYEO C. ARNOLD, PC**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*HARVEY DENSON, as an individual and on behalf of those similarly situated*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY DENSON, as an individual and on behalf of those similarly situated | Case No.: |
| Plaintiff(s), | **FLSA COLLECTIVE AND CLASS ACTION COMPLAINT** |
| vs. | |
| LA SOLAR GROUP, INC., | |
| Defendant(s). | |
| | JURY TRIAL DEMANDED |

1
COMPLAINT

Comes now Plaintiff HARVEY DENSON, who alleges and complains as follows on information and belief, and who prays for relief from the court.  All references to Plaintiff(s) or Defendant(s) are intended to apply to each and every such party individually and collectively without reference to plurality.

## PARTIES

1.  HARVEY DENSON, as an individual and on behalf of those similarly situated (hereafter "PLAINTIFF") is an adult individual residing in California.  PLAINTIFF was at all relevant times employed and/or supervised by DEFENDANT, who set the terms and conditions of PLAINTIFF'S employment and oversaw and directed PLAINTIFF'S payment of wages and records of time worked.

2.  LA SOLAR GROUP, INC. (hereafter ("EMPLOYER DEFENDANT") is a private for-profit company in California who employed PLAINTIFF(S) within the jurisdiction and venue of this Court.

## JURISDICTION AND VENUE

3.  Subject matter jurisdiction exists because the Complaint alleges violation of the U.S. Fair Labor Standards Act. 29 USC § 201. Supplemental jurisdiction applies to the transactionally related state law claims. 28 USC § 1367.

4.  DEFENDANT LA SOLAR GROUP, INC. has its principal place of business in San Fernando, a city located Los Angeles County within the jurisdiction and venue of this Court.

## ALLEGATIONS

5.  PLAINTIFF was employed by DEFENDANT during the time period of about 7/18/2022 to 11/15/2022.

6.  PLAINTIFF was employed as a non-exempt employee and was paid by the hour.

7.  DEFENDANT operates a business that sells and installs solar panels to customers such as homeowners.

8.  The general nature of PLAINTIFF'S work for DEFENDANT was to inspect installations of solar panels.

9.      PLAINTIFF was not a sales person for DEFENDANT.

10.     PLAINTIFF'S job title was Inspection Coordinator.

11.     DEFENDANT paid PLAINTIFF different rates for different work duties.  PLAINTIFF was paid one rate for driving to locations, and a second rate for engaging in inspection work.

12.     DEFENDANT did not tell PLAINTIFF it would pay different rates when PLAINTIFF was hired.  Instead, PLAINTIFF was told he would be paid the rate applicable to inspection work.

13.     PLAINTIFF regularly worked for DEFENDANT in excess of 40 hours per week.

14.     PLAINTIFF regularly worked for DEFENDANT in excess of 8 hours per day.

15.     PLAINTIFF regularly worked for DEFENDANT in excess of 10 hours per day.

16.     When PLAINTIFF was paid overtime, DEFENDANT paid overtime at the rate applicable to the rate it paid PLAINTIFF for driving.

17.     29 CFR § 778.115 regulates the calculation of overtime pay for employees paid more than one rate, and requires that such overtime be paid at the "weighted average of such rates."

18.     DEFENDANT failed to pay PLAINTIFF overtime at the weighted average of his overtime rates, and instead paid him a lower rate of overtime.

19.     PLAINTIFF promptly complained to DEFENDANT about being paid two rates instead of the rate he was offered.

20.     PLAINTIFF promptly complained to DEFENDANT about not being paid overtime at the appropriate weighted average.

21.     DEFENDANT did not cure its policy of improperly calculating overtime in response to PLAINTIFF'S complaint.

22.     DEFENDANT did not amend PLAINTIFF'S rate of pay to conform to the rate of pay he was offered when hired.

23.     PLAINTIFF performed the agreement of the parties with respect to his employment in a substantive degree requiring performance by DEFENDANT.

24. PLAINTIFF mitigated his losses from the wrongful conduct by DEFENDANT by, among other things, diligently performing his work duties to earn available wages.

25. DEFENDANT retaliated against PLAINTIFF for complaining about pay, incluidng the overtime pay complaint, by terminating PLAINTIFF'S employment.

26. DEFENDANT terminated PLAINTIFF'S employment because he complained about not being paid overtime in accordance with the law.  This is reflected by, among other things, the temporal proximity between PLAINTIFF making a written email complaint about the above wage issues, including mispayment of overtime, to DEFENDANT'S managing agents on on or about Friday 11/11/2022, Saturday 11/12/2022, and Sunday 11/13/2022, and his termination on Tuesday 11/15/2022.  On or about Monday 11/14/2022, PLAINTIFF spoke with his manager about the overtime issue in front of other employees who were also affected.  PLAINTIFF was put on a "pending" employment status, and terminated on 11/15/2022.

27. PLAINTIFF asked for records related to his hours worked while still employed, but DEFENDANT did not provide such records.

28. Thereafter, PLAINTIFF, through counsel, demanded in writing that DEFENDANT produce his personnel file, wage and hour records, and any documents signed. DEFENDANT failed to produce such records within 21 days of the demand or in the months that thereafter passed before the filing of the Complaint in this matter.

29. Additionally, DEFENDANT enaged in the unlawful practice of altering employee timecards to falsely record that its employees took timely meal periods as required by California law.  PLAINTIFF did not take timely meal periods during his employment with DEFENDANT because doing so was not possible or pragmatic in light of the workload and pacing. DEFENDANT was aware that PLAINTIFF did not actually take legally compliant mandated meal periods and did not object to the practice. To the contrary, DEFENDANT welcomed PLAINTIFF not takeing code compliant meal periods.  However, instead of paying meal premiums for missed, late, or too-short meal periods as required by California law, DEFENDANT altered PLAINTIFF'S time and

4<br>COMPLAINT

pay records to make it appear as though PLAINTIFF had taken code-compliant meal periods. DEFENDANT also failed to pay wages for the time worked during the falsely-entered meal periods.

30.    DEFENDANT failed to provide PLAINTIFF with accurate wage statements / paystubs during his employment or within 65 days of being served with the LWDA Administrative Complaint related to this matter.

31.    DEFENDANT willfully failed to pay PLAINTIFF all wages due, as alleged herein, within 30 days of PLAINITFF'S termination or employment.

32.    PLAINTIFF is similarly situated to all other hourly employees who worked for DEFENDANT in installation and inspection of solar panels with respect to his claim of underpayment of overtime due to paying the driving rate instead of the weighted average rate.

33.    PLAINTIFF is similarly situated to all non-exempt employees who worked for DEFENDANT in any capacity with respect to his meal period claims and the related minimum and overtime claims for unpaid labor performed during such fictitious meal periods.

34.    PLAINTIFF is similarly situated to all non-exempt employees whose employment ended at any time in the past three years with respect to not being paid all wages due within 30 days of termination of employment with respect to those wages left unpaid due to the practices alleged herein.

35.    On information and belief, there are dozens of similarly situated employees who may join in an FLSA Collective or be included in a Class.

36.    Other than the retaliation claims, which ocurred on the dates stated, the wrongs alleged herein occurred in each and every workweek in wich PLAINTIFF was employed by DEFENDANT.  There was no workweek in which the wrongful conduct alleged did not occur.  This is because the wrongs were a regular ongoing practice of DEFENDANT.

37.    References herein to "PLAINTIFFS" refer to the named PLAINTIFF, potential FLSA Collective Members, and potential Class Members individually and collectively.

## FLSA COLLECTIVE ALLEGATIONS

38.   As to Counts relating to the U.S. Fair Labor Standards Act, PLAINTIFFS bring this matter as a potential FLSA collective based on the common policy or plan alleged herein.  The common policies or plans include:

    a.   Failure to pay overtime at the weighted average rate as alleged.

    b.   Failure to pay wages during falsely recorded meal periods as alleged, constituting a minimum wage violation.

    c.   Failure to pay overtime when the falsely-excluded work hours under the meal period scheme are included in the hours-worked for each affected employee, causing such employees to experience unpaid overtime.

## CLASS ACTION ALLEGATIONS

39.   As to Counts arising under California law, PLAINTIFFS bring this matter as a putative class action.  The class consists of the following subclasses:

    a.   Meal Period Subclass: All non-exempt employees employed by DEFENDANT within the past four years.

    b.   Installation and Inspection Subclass: All non-exempt employees employed by DEFENDANT within the past four years whose work duties included driving to and then performing work at solar panel installation worksites serviced by DEFENDANT.

    c.   Terminated Employee Subclass: All non-exempt employees terminated by DEFENDANT within the past four years.

40.   Ascertainability: This class of persons may be readily ascertained and contacted by reference to DEFENDANT' employee records.

41.   Numerosity: There are so many putative class members that it is not practicable to join all plaintiffs to the litigation.

42.   Commonality:  Questions of law and fact of the class predominate over any individual concerns of class members as to wage and hour issues presented herein.  Such common issues include but are not limited to:

a. Establishing the factual accuracy of the claim that DEFENDANT had a practice and practice of wrongdoing as alleged herein. This includes establishing common factual matters, and will involve review of paper and electronic records and discovery into audit trails of payroll records.  This is an expensive task that will involve substantial discovery/deposition-taking on topics so substantially similar for each putative class member that litigating the matters as separate actions is inefficient for both the parties and the Court due to unreasonable duplication of litigation tasks and management.

b. Establishing the willful evasion of the wage and hour provisions at issue to the class.

c. Determining the method of calculating damages for the putative class members. This method can be set by analyzing a spreadsheet of time records after the scheme to alter records is established.  Establishing the formula through which damages will be calculated is a common issue for all putative class members, with the actual calculation of damages being a ministerial mathematical task once the common formula is established.

43. Typicality:  The wage and hour claims of the named PLAINTIFF are typical of the claims of the class members.  The named PLAINTIFF and all class members were subjected to the same scheme of altering timecards to manufacture compliance with meal period laws and suffered the same pattern of deducting wages.

44. Adequacy:  The named PLAINTIFF has agreed to serve as a representative of all similarly situated employees who worked in California.  The named PLAINTIFF understands that as a class representative PLAINTIFF will owe an obligation to work with competent counsel and take actions to promote, advance and prevail on the claims being made, not just individually, but for the collective group of employees as a whole. The named PLAINTIFF will fairly and adequately represent and protect the interests of the members of the Class.  The named PLAINTIFF agreed to represent the proposed class and act in furtherance of the class interests.  The named PLAINTIFF is aggrieved

in a similar manner as the class members, with the only variation being the amount of loss and damage suffered by individual employees as a result of DEFENDANT'S common, uniform and systematic practice, other than for the retaliation claims. As to the retaliation claims, the named PLAINTIFF'S claims in this regard are readily separated from the other claims in this matter and do not confuse or complicate appropriate resolution of the putative class allegations. Counsel who represent the PLAINTIFFS are competent and experienced in wage and hour and class litigation, and are readily able to successfully prosecute this class action.

45. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over questions affecting only individual class members. Each class member has been damaged and is entitled to recovery by reason Defendant's unlawful behavior. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. It is notable that the cost of establishing DEFENDANT'S scheme in the form of admissible evidence is sufficiently high that it would discourage individual litigation on this matter, rendering collective litigation superior.

## **COUNTS**

## **Count No. 1**

### **Violation of Fair Labor Standards Act - Failure to Pay Minimum Wage - 29 U.S.C. § 206**

### **BY PLAINTIFFS AGAINST DEFENDANT**

46. PLAINTIFFS incorporate all prior paragraphs by reference.

47. DEFENDANT caused each PLAINTIFF to be failed to be paid on time for all hours worked by the scheduled payday, thereby failing to pay minimum wage as required by the Fair Labor Standards Act.

48.  Each PLAINTIFF prays for unpaid wages, liquidated damages, attorney-fees, costs of litigation, and such other relief as the court may see fit to award.  This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

**Count No. 2**

**Violation of Fair Labor Standards Act - Failure to Pay Overtime - 29 U.S.C. § 207**

**BY PLAINTIFFS AGAINST DEFENDANT**

49.  PLAINTIFFS incorporate all prior paragraphs by reference.

50.  DEFENDANT caused each PLAINTIFF to be failed to be paid for those hours worked in excess of forty hours per week as required by 29 USC § 207 at the rate of one and one-half the applicable non-overtime rate of pay.

51.  Each PLAINTIFF prays for unpaid wages, liquidated damages, attorney-fees, costs of litigation, and such other relief as the court may see fit to award.  This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

**Count No. 3**

**Failure to Pay Minimum Wage in Violation of Cal. Labor Code §§ 1197, 1194.2; IWC**

**WAGE ORDERS**

**BY PLAINTIFFS AGAINST DEFENDANT**

52.  PLAINTIFFS incorporate all prior paragraphs by reference.

53.  Cal. Labor Code §1197 sets the applicable minimum wage to that set forth in the relevant IWC Wage Order.

54.  All Wage Orders relevant to this matter require payment for all time that an employee is suffered or permitted to work.  See, e.g., IWC Wage Order 9 at para 4 [pay required for "all hours worked"], para 2(H) ["'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."]  All IWC Wage Orders include substantially similar terms requiring payment of minimum wages

9

COMPLAINT

at the designated rate.  The applicable IWC Wage Order in this matter is determined by law based upon the industry of the employing defendant(s) and the occupation of the plaintiff(s).

55. Cal. Labor Code §1194 provides a private right of action to recover unpaid wages as minimum wages, interest, and attorney's fees.

56. Cal. Labor Code §1194.2 enhances the private right of action to recover unpaid minimum wages to include an equal amount in liquidated damages, and related relief.

57. PLAINTIFFs were suffered and/or permitted by DEFENDANT and each of them to work off the clock such that wages were not paid for some hours worked.

58. All unpaid work hours reflect a minimum wage violation.

59. Cal. Labor Code § 558.1 provides for liability for both employers and for managers in control of the particulars of recording hours worked and payment of wages because, among other reasons, violations of minimum wage rules and IWC Work Orders concerning minimum wages and work hours/days are expressly referenced in the statute.

60. PLAINTIFFS pray for unpaid wages, liquidated damages in an equal amount, interest as provided by law, attorney's fees, and costs of litigation.

## Count No. 4

## Failure to Pay Minimum Wage in Violation of Cal. Labor Code §§ 510, 1194; IWC WORK ORDERS

## BY PLAINTIFFS AGAINST DEFENDANT

61. PLAINTIFFS incorporate all prior paragraphs by reference.

62. DEFENDANT, and each of them, caused PLAINTIFFS to not be paid overtime wages where required by law, as pled herein.

63. California Labor Code § 510 and the relevant IWC Wage Order require payment of 1.5 times or more the regular rate of pay where an employee, among other circumstances, works for more than 8 hours per day, 40 days per week, or 6 days per week.  See, e.g., IWC Wage Order 9 at para 3.  All IWC Wage Orders impose substantially the same standard to all industries and occupations.

COMPLAINT

64.    California Labor Code § 1194 permits civil suit by affected employees for such unpaid wages, interest on such amounts, reasonable attorney's fees, and costs of suit.

65.    PLAINTIFFS allege PLAINTIFFS were not paid overtime wages when PLAINTIFFS' work hours so-required.  As such, PLAINTIFFS is entitled to such unpaid overtime wages, interest, attorney fees, and costs according to proof.  Where overtime wages were unpaid because certain working time was not paid at all, PLAINTIFFS reserve the right to seek the maximum recovery in the interaction between minimum wage and overtime wage standards.

66.    Cal. Labor Code § 558.1 provides for liability for as to this count because, among other reasons, Cal. Labor Code 226 is expressly referenced in the statute.

## Count No. 5

## Failure to Pay Meal Premiums in Violation of Cal. Labor Code § 226.7; IWC WORK ORDER

## BY PLAINTIFFS AGAINST DEFENDANT

67.    PLAINTIFFS incorporate all prior paragraphs by reference.

68.    DEFENDANT, and each of them, caused PLAINTIFFS to not be paid premiums of one hour of wages for each occasion on which PLAINTIFFS were not provided with an unpaid uninterrupted 30 minute break relieved of all work duties, as alleged herein.

69.    Such premiums were required to be paid pursuant to Labor Code § 226.7 ["If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided."]

70.    Such premiums were required to be paid by the relevant IWC Wage Order.  See, e.g., IWC Wage Order No. 9 [Transportation Industry] available in current and historical forms at https://www.dir.ca.gov/iwc/wageorderindustries.htm.  Wage Order 9 effective as of 2002 states at par 11(D), "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay

the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided." All IWC Wage orders for all industries and occupations contain substantially this same standard.

71.    PLAINTIFFS alleges PLAINTIFFS were not provided with legally compliant meal periods as a general rule such that one hour of wages is due to each PLAINTIFF for each day of employment, or as otherwise established by proof.

72.    Cal. Labor Code § 558.1 provides for liability for as to this count because, among other reasons, Cal. Labor Code 226 is expressly referenced in the statute.

**Count No. 6**

**Failure to Provide Compliant Wage Statements in Violation of Cal. Labor Code §§ 226, 226.3**

**BY PLAINTIFFS AGAINST DEFENDANT**

73.    PLAINTIFFS incorporate all prior paragraphs by reference.

74.    DEFENDANT, and each of them, failed to provide paystubs/wage statements in a manner required by law to PLAINTIFFS, as alleged herein.  Paystubs/wage statements must timely provided with payment of wages and correctly state all information required in Labor Code § 226(a).

75.    PLAINTIFFS allege that any paystubs/wage statements provided failed include all such information, including but not limited to an accurate statement of hours worked, wages due, and the name and address of their employer(s).

76.    Cal. Labor Code § 226(e) provides a private right of action for such inaccurate paystubs for $50 in damages for the first violation, and $100 for subsequent violations up to a maximum of $4,000.  Attorney fees and litigation costs are also recoverable.

77.    Cal. Labor Code § 226.3 provides for a penalty of $250 for the first occurrence and $1,000 per subsequent occurrence when no paystub is provided.

78.    PLAINTIFFS seek the maximum available damage and/or penalty.

79.    Cal. Labor Code § 558.1 provides for liability for as to this count because, among other reasons, Cal. Labor Code 226 is expressly referenced in the statute.

COMPLAINT

<u>**Count No. 7**</u>

<u>**Unfair Competition Law - Unlawful Prong - Cal. Bus. & Prof. Code § 17200**</u>

<u>**BY PLAINTIFFS AGAINST DEFENDANT**</u>

80.    PLAINTIFF(S) incorporate all prior paragraphs by reference.

81.    The wrongful conduct of DEFENDANT(S) alleged herein are both a longstanding
business practice and individual unfair business acts.

82.    The wrongful acts alleged herein are unlawful because they violate wage and hour rules
as pled herein.  They are unfair because they are closely related to (tethered to) wage and
hour rules as pled herein.

83.    The wrongful conduct alleged herein caused pecuniary loss to PLAINTIFF(S) including
but not limited to mitigation costs associated with unpaid wages and the unpaid wages
and premiums themselves, the right to which had vested with PLAINTIFF(S) at the time
the associated work or wrongs occurred.

84.    The wrongful conduct alleged herein affected not just PLAINTIFF(S) but other similarly
situated persons employed by or otherwise working for DEFENDANT in the same
business enterprises where PLAINTIFF(S) worked in the courses of employment at
issue in this litigation.

85.    DEFENDANT(S) wrongfully obtained a benefit by failing to pay PLAINTIFF(S) and
similarly situated persons as alleged herein, including wrongful retention of
wages/premiums/penalties and interest on the same.

86.    PLAINTIFF(S) seek restitution of such wrongfully withheld and obtained benefits for
themselves and, to the extent permitted by law, similarly situated current or past
employees.

87.    PLAINTIFF(S) seek injunctive relief requiring CORPORATE DEFENDANT to alter
their policies and practices to provide for legally mandated rest and meal periods and to
record and pay for all hours worked.

88.    To the degree this count confers a public benefit, PLAINTIFF(S) reserve the right to
seek attorney fees pursuant to Cal. Code of Civil Procedure §1021.5.

COMPLAINT

**Count No. 8**

**PAGA Claim- Cal. Labor Code § 2699, et seq.**

**BY PLAINITIFF AGAINST DEFENDANT**

89.    All prior paragraphs are incorporated by reference.

90.    The attached PAGA Letter / LWDA Administrative Complaint is incorporated by
reference.

91.    PLAINTIFF and all similarly situated current and past employees as and to the degree
alleged in the attached PAGA Letter are "aggrieved employees" as defined by Labor
Code § 2699(a). Pursuant to Labor Code § 2699, the Labor Code Private Attorneys
General Act of 2004 ("PAGA"). PLAINTIFF notified the Labor Commissioner of the
violations referenced herein as noted in the attached PAGA Letter / LWDA
Administrative Complaint, and informed DEFENDANT of the intention to file this
action on behalf of PLAINTIFF and other current and former employees of
DEFENDANT. The Labor Commissioner did not respond to the PAGA Letter / LWDA
Administrative Complaint within 65 days.  PLAINTIFF thereafter initiated these civil
proceedings to collect PAGA penalties.

92.    PLAINTIFF seeks all applicable penalties that may be recovered in addition to other
damages pursuant to Labor Code § 2699 et seq.

**Count No. 9**

**Violation of Fair Labor Standards Act - Failure to Pay Overtime - 29 U.S.C. § 215**

**BY HARVEY DENSON AGAINST DEFENDANT**

93.    PLAINTIFF incorporates all prior paragraphs by reference.

94.    DEFENDANT were at all relevant times was employers and/or managers of
PLAINTIFF subject to the Fair Labor Standards Act as pled herein.  They were required
to comply with 29 USC § 215, which renders it unlawful to retaliate against an
employee for making a complaint about violations of FLSA.

95.    PLAINTIFF complained to DEFENDANT of wage and hour violations constituting
FLSA violations as pled herein.

COMPLAINT

96.  As explained by the U.S. Department of Labor, Wage and Hour Division, it is unlawful pursuant to FLSA to retaliate against an employee in such circumstances: "Retaliation occurs when an employer, including through a manager, supervisor, administrator or other agent, takes an adverse action against an employee because they engaged in a protected activity. Examples of protected activity include making a complaint to a manager, employer, or WHD; cooperating with a WHD investigation; requesting payment of wages; refusing to return back wages to the employer; complaints by a third party on behalf of an employee; consulting with WHD staff; exercising rights or attempting to exercise rights, such as requesting certain types of leave; and testifying at trial…An adverse action is any action that could dissuade an employee from raising a concern about a possible violation or engaging in other protected activity, such as filing a complaint or cooperating in a WHD investigation." See, FIELD ASSISTANCE BULLETIN No. 2022-02, Protecting Workers from Retaliation, https://www.dol.gov/sites/dolgov/files/WHD/fab/fab-2022-2.pdf.

97.  DEFENDANT(S), and each of them, retaliated against PLAINTIFF as alleged herein.

98.  As a direct and proximate result of the foregoing, PLAINTIFF suffered injury and attendant damages.

99.  PLAINTIFF is entitled "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages" as well as attorney's fees and costs necessary for the collection of same.  See, 29 USC §216(b).

## **Count No. 10**

### **Violation of Cal. Labor Code 1102.5 - CACI 4603**

### **BY HARVEY DENSON AGAINST DEFENDANT**

100.  PLAINTIFF incorporates all prior paragraphs by reference.

101.  PLAINTIFF exhausted administrative remedies related to the penalty and related attorney fees components of this Count by timely filing and serving an administrative

complaint with the California Labor and Workforce Development Agency on each DEFENDANT prior to filing the Complaint in this matter.  Plaintiff allowed the 65 day administrative period to expire, and did not receive any notice that the State would intervene or otherwise litigate this claim.

102.   Each DEFENDANT was an employer of PLAINTIFF or person acting on behalf of an EMPLOYER of PLAINTIFF within the meaning of California Labor Code section 1102.5, as alleged herein.

103.   PLAINTIFF engaged in an activity protected by the California Labor Code section 1102.5, as alleged herein.

104.   PLAINTIFF had reasonable cause to believe that PLAINTIFF'S protected activity alleged herein constitued resistance to and reporting of unlawful conduct that did or would have violated a local, state, or federal rule or regulation as alleged herein.

105.   Each DEFENDANT caused PLAINTIFF to suffer an adverse employment action as alleged herein.

106.   PLAINTIFF'S protected activity as alleged herein was a substantial motivating reason for each DEFENDANT'S action(s) causing PLAINTIFF to suffer the adverse employment action as alleged herein.

107.   As a direct and proximate result, PLAINTIFF was harmed and suffered attendent damages.

108.   PLAINTIFF is entitled to a recovery of damages, reasonable attorney fees, and litigation costs, as well as penalties as permitted by the Private Attorney Generals Act within the California Labor Code.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.   For unpaid wages;

2.   For liquidated damages;

3.   For  prejudgment interest to the extent allowed by law;

4.   For penalties as provided by law;

5.  For equitable relief as provided by law, including but not limited to constructive trust, and relief from unjust enrichment.

6.  For damages as provided by law;

7.  For attorney's fees as provided by law;

8.  For costs of litigation;

9.  For administrative orders as required to administer the Class, FLSA Collective, and PAGA claims herein.

10. For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts damages of up to $3,000,000.  This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

Respectfully submitted,

Date:  August 26, 2023                    CLAYEO C. ARNOLD, PC


By:    /s/ Joshua H. Watson
       Joshua H. Watson
       Attorneys for Plaintiff(s)


**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands trial by jury for all matters subject to determination by a jury.

Date:  August 26, 2023                    CLAYEO C. ARNOLD, PC


By:    /s/ Joshua H. Watson
       Joshua H. Watson
       Attorney for Plaintiff(s)

COMPLAINT

**ATTACHMENT 1: LWDA ADMINISTRATIVE COMPLAINT / "PAGA Letter"**



**ARNOLD LAW FIRM**

865 Howe Avenue, Sacramento, CA 95825
7B Corporate Center Court, Greensboro, NC 27408
P: 916-777-7777 | F: 916-924-1829 | justice4you.com

CLAYEO C. ARNOLD
ANTHONY M. ONTIVEROS
JOHN T. STRALEN*
*The Board-Certified Civil
Trial Advocate by the
National Board of Trial
Advocacy

JOSHUA H. WATSON
M. ANDERSON BERRY
ANDREW G. MINNEY
GREGORY HAROUTUNIAN
JEFFREY J.A. HINRICHSEN
MICHAEL WELLS
GINA M. BOWDEN**
**Of Counsel

PERSONAL INJURY
WRONGFUL DEATH
EMPLOYMENT LAW
PRODUCT LIABILITY
CLASS ACTION
QUI TAM
DATA BREACH

January 5, 2023

**Via Certified Mail, Return Receipt Requested**

LA Solar Group, Inc.
Agent: Ara Petrosyan
560 LIBRARY ST
SAN FERNANDO, CA 91340

**Via Electornic Submission**
Labor Workforce & Development Agency
https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html

      RE:   **NOTICE OF COMPLAINT FILED WITH LWDA, DEMAND FOR EMPLOYEE RECORDS, & PRESERVATION DEMAND**
              Employee:   Harvey Denson
              Employer(s): LA Solar Group, Inc.
              Dates of Employment: 07/18/2022 - 11/15/2022

Dear EMPLOYER and LWDA:

This letter is a complaint and notice of complaint to the California Labor Workforce & Development on behalf of the above named employee and those similarly situated against the above identified employer(s) for violations of sections of the California Labor Code enforceable by the Private Attorney General's Act, Labor Code § 2699, et seq. Arnold Law Firm represents the above-identified employee. A designation of counsel form is attached.

This letter is also a demand for production of the following employee records, which the above employer(s) must produce within 21 days of receipt of this letter or be subject to suit:

1.    All documents reflecting wages paid to the employee, and specific hours worked. (See Cal. Labor Code § 226(c).)

2.    All documents that were signed by the employee.
(See, Cal. Labor Code § 432.)

3.    The employee's personnel file in its entirety.
(See Cal. Labor Code § 1198.5.)

This letter is also a demand that the employer(s) identified above preserve all potential evidence related to the complaints in this matter and alter any document retention policies to avoid destruction of potentially relevant material.  All business records, computer records, third party app data, cell phone messages, cell phone bills, computers, tablets, mobile phones, and any other form of information or means of storing information related to the issues raised here or in any way relating to our client's employment or communications must be preserved.  This extends to both company materials and the materials owned by other employees (e.g. a manager's cell phone).  Any destruction, deletion, or alleged "loss" of such materials will result in a request for sanctions for spoilation of evidence.

In general terms, our client alleges the following:

During the period of employment identified above, our client worked as an Inspection Coordinator.  In that time, the above-identified employer(s) violated the following sections of the California Labor Code:

| Labor Code Violation | Description of Violation |
|---|---|
| LC 226 [paycheck stub does not include: □ gross wages, □ total hours worked or number of pieces, □ all deductions, □ net wages, inclusive dates of pay period, □ employee name, □ SSN or  employee ID number, □ name, □ hourly rate(s) in effect for pay, period with hours worked for each.] | The employee's paystubs did not accurately state all the hours he worked, and thereby failed to state the proper total hours worked, gross wages, and net wages. |
| LC 510 [overtime violations] | Claimant was not paid for all the hours worked, some of which were overtime hours. For example, employer would alter timecards to reflect that claimant took a 30 minute lunch break every day, when in case he was working.

Claimant also was not being paid overtime rate when driving, as the employer would switch him to "driving time", which was almost twice less than the overtime rate. That |

Notice of Complaint; Demand for Employee Records; Preservation Demand
January 5, 2023
Page 3

| | |
|---|---|
| | woud often happen whn claimant was on 8+ hour of his work day. |
| LC 1194, 1197, 1197.1 [minimum wage violations] | Claimant was not paid for all the hours worked, some of which were overtime hours. For example, employer would alter timecards to reflect that claimant took a 30 minute lunch break every day, when in case he was working. |
| LC 1199 [penalty for wage, hour, condition violations, 1171-1206] | The conduct discussed herein violates the relevant wage and hour order |
| LC 226.7,512 [meal/rest break violations] | Claimant was often permitted or even required to work through meal and rest periods. For example, claimant frequently was not able to leave his job site during his meal period, as he was driving.<br><br>Claimant was also not paid for all his premiums, due to such violation, even if some were paid |
| LC 1198 [violation of wage order] | The conduct discussed herein violates the relevant wage and hour order |
| LC 1102.5 [retaliation] | Claimant was fired 2-3 days later after bringing up issues with pay rates and wage & Hour violations to Employer and HR. |

The to the degree any violations of the California Labor Code are curable before suit,
the employer(s) must do so within the statutory period and file and serve robust proof
of any such cure.

Unless otherwise instructed by LWDA, we will file suit or amend any already-filed civil
suit to include these PAGA allegations at the conclusion of the mandatory waiting period
provided for by statute.


Very truly yours,

/s/

Joshua H. Watson,
Attorney at Law



**865 Howe Avenue, Sacramento, CA 95825**
**P: 916-777-7777 | F: 916-924-1829 | justice4you.com**

## AUTHORIZATION FOR LEGAL REPRESENTATION
## AND RELEASE OF INFORMATION

TO    :    LA Solar Group, Inc.

RE    :    Client's Name    :    Harvey Denson
          Date of Birth    :    __
          Matter    :    Denson v. LA Solar Group, Inc.

I, the undersigned, hereby appoint Clayeo C. Arnold, A Professional Law Corporation dba Arnold Law Firm, their attorneys, employees, agents and representatives, as my legal representative for investigating certain matters.

I authorize the party, agency or entity to whom this authorization is directed to furnish to my attorney, his agents, designees or representatives, the following: any and all records in your possession pertaining me, the undersigned. These records include but are not limited to, police reports, investigative reports, and related information; personnel, employment, payroll records and related information; insurance, policy information, payments, listing of providers, and related information; academic or school records, attendance records, grades, reports and related information; including but not limited to those listed above and further specified below:

I hereby waive any privilege which would prevent you from disclosing the above-described information to my attorney, but the waiver of any privilege is hereby expressly limited to allowing you to disclose the information to my attorney only, and all other privileges are hereby expressly retained and not waived.

A copy of this authorization shall be deemed as valid as the original. This authorization shall become effective immediately and remain in effect until revoked by me in writing or for one year from date of signature.

DATED: 11 / 28 / 2022         Signed: _____

Doc ID: f05452eba95d5128b466d181c87092a23e88e4a3

**Anna Figueroa**

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Thursday, January 5, 2023 10:43 AM |
| **To:** | Anna Figueroa |
| **Subject:** | Thank you for submission of your PAGA Case. |

EXTERNAL SENDER

1/5/2023

LWDA Case No. LWDA-CM-927623-23
Law Firm : Arnold Law Firm
Plaintiff Name : Harvey Denson
Employer: LA Solar Group, Inc.
Filing Fee : $75.00
IFP Claimed : No

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

US POSTAGE ᴹᴼ PITNEY BOWES

$ 008.06

ZIP 95825
02 7H
0006025330

JAN 05 20

FIRST-CLASS

**ARNOLD LAW FIRM**
865 Howe Avenue, Sacramento, CA 95825 | 916-777-7777

LA Solar Group, Inc.
Agent: Ara Petrosyan
560 LIBRARY ST
SAN FERNANDO, CA 91340

Label 890-PB, Oct. 2015
Pitney Bowes

9489 0090 0027 6476 4662 54

USPS CERTIFIED MAIL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LA Solar Group, Inc.
Agent: Ava Petrosyan
560 Library Street
San Fernando, CA 91340

9590 9402 7736 2152 1343 48

2. Article Number *(Transfer from service label)*

9489 0090 0027 6476 4662 54

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**ATTACHMENT 2: FLSA CONSENT FORM**

COMPLAINT

## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer named below, and any other related entities or affiliates (herein after collectively referred as "Defendants").   I authorize my attorneys to attach this consent form to any related complaint filed on my behalf, or as may otherwise be appropriate.

2. This consent form relates to my employment associated with

   *LA Solar*
   _____ .

3. I am informed and believe that during my employment, which was within the past three years, there were occasions when I did not receive proper compensation for all of my hours worked.

4. My claims include, but are necessary limited to the following:

   Overtime, Minimum Wage, Retaliation
   _____

   _____

   _____

5. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entities or affiliates.

Date   11 / 28 / 2022          Signature   _____

                               Name        Harvey Denson

Doc ID: f05452eba95d5128b466d181c87092a23e88e4a3