Joshua H. Watson SBN 238058
CLAYEO C. ARNOLD, PC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
jwatson@justice4you.com

Attorneys for Plaintiff
*HARVEY DENSON*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY DENSON, | Case No.:  2:23-CV-07074-KK-RAO |
| Plaintiff, | STIPULATED REQUEST TO APPROVE FLSA & PAGA SETTLEMENT AND DISMISS WITH PREJUDICE |
| vs. | |
| LA SOLAR GROUP, INC., | |
| Defendant. | |

1

STIPULATED REQUEST TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff HARVEY DENSON ("Plaintiff") and defendant LA SOLAR GROUP, INC. ("Defendant"), through their respective counsel of record, stipulate and agree as follows:

WHEREAS the Complaint in this matter was filed on 8/28/2023;

WHEREAS the Answer in this matter was filed on 1/8/2024;

WHEREAS the parties have settled all claims this matter in an arms-length mediation before CACD Panel Mediator Lonnie D. Giamela;

WHEREAS the operative Complaint includes claims arising under the Fair Labor Standards Act ("FLSA") as well as related state law claims;

WHEREAS there is a commonly held perception that FLSA settlements require court approval in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982);

WHEREAS 29 USC § 216, the statute providing remedies for an employee's private right of action pursuant to FLSA, does not expressly reference judicial review of individual FLSA claims;

WHEREAS some courts have noted that FLSA's statutory text does not require or possibly even permit judicial review of individual (non-collective) FLSA settlements; S*ee,*

- *Alcantara v. Duran Landscaping, Inc.*, 2:21-cv-03947-JDW (E.D. Pa. Jul. 12, 2022) ["Parties to an FLSA suit can settle their claims out of court before they file a suit, and they can still do so once they file the suit. That is a risk Parties can choose, or decline, to take."]);

- *Evans v. Centurion Managed Care of Ariz. LLC*, No. CV-23-00282-PHX-DWL, 6 (D. Ariz. Aug. 9, 2023) ("[N]othing in the text of the FLSA indicates that judicial approval of settlement agreements is required and other features of the statutory text strongly suggest that Congress did not intend to create such a requirement");

WHEREAS Rule 41 generally provides parties with the right, agency, and dignity to resolve their own disputes (*see, e.g. Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) ["In ordinary non-class litigation, parties are free to settle their disputes on their own terms, and plaintiffs may

STIPULATED REQUEST TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

1    voluntarily dismiss their claims without a court order. Fed. Rule Civ. Proc. 41(a)(1)(A)."];

2    WHEREAS this matter is to be resolved as an individual FLSA claim that does not

3    include a class resolution or collective resolution for any parties who are not present, and

4    therefore the matter does directly or by analogy invoke the protective provisions of Rule 23 or

5    other judicial management of collective actions;

6    WHEREAS nonetheless Defendant reasonably wishes to have the Court's approval of

7    settlement and dismissal in light of commonly held perceptions of *Lynn's Food Stores, Inc. v.*

8    *United States*, 679 F.2d 1350 (11th Cir. 1982);

9    WHEREAS this matter concerns the following factual allegations, none of which are

10    admitted by Defendant:

11        1.  Plaintiff contends he was paid the wrong rate for overtime.

12            a.  Plaintiff was paid one rate for substantive work.  He was paid a lower rate

13                for travel.  When Plaintiff worked overtime, it was generally on paid travel

14                time.  In those instances he was paid 1.5 times the travel rate instead of 1.5

15                times the average weekly hourly rate.

16        2.  Plaintiff contends he did not receive meal periods in compliance with the

17            California Labor Code, and was not paid premiums required by the code.

18        3.  Plaintiff alleges a series of derivative claims of the above including:

19            a.  Inaccurate paystubs

20            b.  Minimum wage violation (regarding unpaid time for working lunches)

21            c.  PAGA violation under California law.

22            d.  Violation of California Unfair Competition Law

23        4.  Plaintiff contends he was retaliated against after complaining, resulting in job

24            loss.  This is alleged as an FLSA Retaliation and Cal. Labor Code §1102.5 claim.

25    WHEREAS the settlement in this matter would provide for the following relief:

26        1.  The matter will be resolved on an individual basis.  There will be no class, FLSA,

27            or group PAGA resolution.

28        2.  Defendant will pay Plaintiff $10,000.

STIPULATED REQUEST TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

3. Plaintiff will dismiss all claims with prejudice and provide a release and covenant not to sue.

4. Defendant will provided Plaintiff with a neutral reference.

5. All parties will bear their own costs and fees.

WHEREAS, counsel for Plaintiff states the following concerning the six factors concerning FLSA settlement approval in *Lynn's Food Stores, Inc. v. United States*, *supra*, at 1173, and noting that Defendant does not state any position as to this *Lynn's Food Stores, Inc.* review:

(1) The plaintiff's range of possible recovery:

Plaintiff's counsel calculates Plaintiff's maximum recovery for wage and hour violations as $7,180.25 following a complete review of all records, and giving all references in favor of Plaintiff.  In terms of wrongful termination, the claims are unclear.  Plaintiff did make protected claims prior to termination, however, Defendant does assert a number of factual defenses that call the outcome of the retaliation claim into question.

(2) The stage of proceedings and amount of discovery completed:

The parties engaged in formal discovery an informal information exchange.

(3) The seriousness of the litigation risks faced by the parties:

Plaintiff is recovering his damages under FLSA and the California Labor Code.  He cannot be reasonably certain to prevail on wrongful termination in the view of his counsel.  The PAGA administrative claims in this matter named a sister company of Plaintiff's employer, and two separate PAGA administrative claims by other law firms/claimants cover those claims.  As a result, there is no credible likelihood or need to collect PAGA funds in this matter.

(4) The scope of any release provision in the settlement agreement:

The release applies only the Plaintiff as an individual and includes a general release with Cal. Civil Code § 1542 waiver.  The parties start with a fresh slate other than non-disparagement, confidentiality, and neutral reference terms.

4

STIPULATED REQUEST TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

(5) The experience and views of counsel and the opinion of participating plaintiffs:

Plaintiff's counsel was licensed in 2005 and has represented plaintiffs in a contingency setting throughout his career.  This includes several years of employment litigation on behalf of employees in both individual and class/collective settings.  Plaintiff's counsel has served as lead class counsel on wage and hour matters, and assisted class counsel in a number of nationwide class actions in the privacy setting.  He has taken over a dozen cases through jury trial, and has also handled many arbitrations and hundreds of mass tort claimants.  Counsel has evaluated the case carefully in consultation with Plaintiff and believes this outcome is an appropriate outcome that balances Plaintiff's risks.  Plaintiff consented to the settlement and has executed an agreement.

(6) The possibility of fraud or collusion:

In the individual setting there is no risk of fraud or collusion between counsel since the interests of each client their counsel are congruent and there are no absent parties.  Additionally, more than the theoretical maximum wage and hour component was recovered, and the settlement was reached before a court-appointed mediator.

WHEREAS the proposed settlement also addresses claims for penalties pursuant to Private Attorney General Act claims under California Labor Code § 2699 ("PAGA");

WHEREAS the Court's approval is necessary to resolve the California state law PAGA claim in this matter (*See,* Cal. Labor Code § 2699(l).);

WHEREAS PAGA settlements are properly approved where they are "fair, reasonable, and adequate in view of PAGA's purposes to remediate present labor law violations, deter future ones, and to maximize enforcement of state labor laws."  (*Moniz v. Adecco U.S., Inc.*, 72 Cal.App.5th 56, 77 (Cal. Ct. App. 2021);

WHEREAS 75% of any PAGA award is paid to the State of California Labor and Workforce Development Agency, with only 25% going to protected employees (*See,* Cal. Labor Code § 2699(i).);

WHEREAS the substantive award on the FLSA and Cal. Labor Law claims paid to

STIPULATED REQUEST TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Plaintiff provides a benefit to Plaintiff and at the same time remediates and deters labor law violations;

WHEREAS channeling additional settlement funds from the settlement diminishes the remediation aspects of the settlement and does not enhance deterrence;

WHEREAS this settlement only addresses the specific situation of the Plaintiff such that the scope of the release does not address the rights of any other employees;

WHEREAS the PAGA notice in this matter inadvertently named a sister company of the Plaintiff's actual employer, but two separate PAGA claims were filed by other firms that name the correct employer such that this case is not an appropriate vehicle for recovery but other pending cases cover the issue for the State;

WHEREAS the parties have therefore assigned an amount of $0 to be paid to the State of California for the PAGA claims and have further agreed that the PAGA claims shall be dismissed as to Plaintiff's right to bring such claims;

NOW THEREFORE the parties jointly request that the Court ORDER as follows:

1. The proposed settlement in this matter is approved.
2. This matter is dismissed with prejudice.

Respectfully submitted,

Dated: 9/10/2024                    CLAYEO C. ARNOLD, PC

By:  /s/ Joshua H. Watson
Joshua H. Watson
*Attorneys for Plaintiff*

Dated: 9/23/2024                    GORDON REES SCULLY MANSUKHANI

By:  /s/ Eulalio J. Garcia
Eulalio J. Garcia
*Attorneys for Defendant*

STIPULATED REQUEST TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE